# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MAURICE SIMMONS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:07-CV-1029-M |
| § | |
| CADENCE DESIGN SYSTEM, INC. § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's Order, entered June 11, 2007, this case has been referred to the United States Magistrate Judge for Pretrial Management. Before the Court is Defendant Cadence Design System, Inc.'s ("Cadence") Motion to Dismiss (doc. 6). A response was filed by Plaintiff Maurice Simmons ("Simmons") on July 27, 2007. (Doc. 11.) Cadence filed a reply on August 8, 2007. (Doc. 12.)

## BACKGROUND

On April 10, 2007, Simmons filed this suit against Cadence in the 162nd Judicial District Court for Dallas County, Texas. (Pl.'s Second Am. Orig. Pet. at 1.) Simmons was employed as a Lead Pre-Sales Applications Engineer for Cadence from February 26, 2001 through February 17, 2005. (*Id.* at 2.) While working for Cadence, Simmons alleges that he was "harassed, discriminated, and/or retaliated on by his supervisors, coworkers, and upper level officials for any or all of the following basis: for his race, for reporting discriminatory practices, for filing a worker's compensation claim, [and] for filing a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")]." (*Id.*) Simmons complains that he was subject to racial and gender jokes, greater performance requirements than his non-minority peers, and was wrongfully

terminated. Simmons filed an EEOC charge prior to his termination. (*See* Pl.'s Compl. at 3, 5; Pl.'s Declaration at 8.) He was granted the right to sue on January 10, 2007. (Pl.'s Compl. at Ex. A.) Because Simmons alleges race-based retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, this suit was removed to this Court on the basis of federal question and diversity jurisdiction. In this motion, Cadence seeks to dismiss Simmons pendant state law claims for defamation, workers' compensation retaliation, and intentional infliction of emotional distress ("IIED"). (*See id.* at 6.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss, the Court accepts as true all well-pleaded facts and views those facts in a light most favorable to the Plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. V. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964–65 (2007). Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n*

*v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe a *pro se* plaintiff's brief more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[*P*]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

## ANALYSIS

Cadence argues that Simmons' defamation, workers' compensation retaliation, and IIED claims are barred by the statute of limitations. Simmons contends that his claim is timely because he filed a retaliation charge with the EEOC and filed this suit after receiving the Notice of Right to Sue. In other words, Simmons argues that the statute of limitations on these state law claims should be tolled during the pendency of his administrative complaint filed with the EEOC.

Under Texas law, "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Weisz v. Spindletop Oil and Gas Co.*, 664 S.W.2d 423, 425 (Tex. App.–Corpus Christi 1983, no writ). *See Jackson v. Johnson*, 950 F.2d 263 (5th Cir. 1992); *see also Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex. Civ. App.–Corpus Christi 1978, writ ref'd n.r.e). The Court, therefore, must consider whether Simmons was prevented from pursuing his defamation, workers' compensation retaliation, and IIED claims as a result of his EEOC complaint. Simmons' initial EEOC complaint was based on his allegation of race related retaliation and workers' compensation retaliation. (*See* Pl.'s Resp. Mot. Dismiss at 3.) After the EEOC informed Simmons that his allegation of race related retaliation was the only claim the EEOC would consider, Simmons withdrew his workers' compensation retaliation claim. (*Id.*) The alleged defamation and IIED were never included in the EEOC complaint.

The United States Supreme Court has held that the timely filing of an employment discrimination charge with the EEOC does not toll the statute of limitations period for a § 1981 cause of action even when based on the same facts. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975). In reaching this decision, the Court found that Title VII claims and § 1981 claims are independent "avenues of relief." *Id.* at 460. Moreover, the filing of a Title VII charge with the EEOC is not a prerequisite for filing a § 1981 claim. *Id.* The Court found that Congress intended to provide the choice of independent administrative and judicial remedies. *Id.* at 461.

The same reasoning applies in this case. Simmons' claims for defamation, IIED, and workers' compensation retaliation are separate and independent causes of action from Title VII. Moreover, filing a Title VII EEOC charge is not a prerequisite for filing any of Simmons other claims. As a result, Simmons was able to file suit on his other claims without first obtaining a right to sue from the EEOC. In other words Simmons was not prevented by the pending EEOC charge from exercising his legal remedies on his defamation, IIED, and workers' compensation retaliation claims. Accordingly, under Texas law, the tolling provision does not apply.[1]

In the alternative, Simmons argues that the retaliatory acts continued after his termination and therefore, the statute of limitation for Simmons' workers' compensation retaliation claim has not run. Likewise, Simmons contends that "many of the things did not end with Plaintiff's layoff [and it can] [t]herefore, . . . be considered continuous action as every day that passes by in which there is no relief granted, Plaintiff endures emotional distress." (*Id.*)

---

1. The Southern District of Texas has also adopted this view. *See Crittendon v. American National Insurance Comp.*, 967 F. Supp. 933 (S.D. Tex. 1997) ("It is well established in the Fifth circuit that a state statute of limitations is not tolled by the pendency of an individual's administrative complaint filed with the EEOC.").

There is an equitable exception to the statutory period when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts. Waltman *v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989). To prove a continuing violation, the plaintiff must show that a "persisting and continuing system of discriminatory practices" produces "effects that may not manifest themselves individually discriminatory except in cumulation over a period of time." *Messer v. Meno*, 130 F.3d 130, 135 (5th Cir. 1997). In support of his argument that there was a continuing violation, Simmons fails to point to facts that would entitle him to relief. Instead, he makes conclusory statements that the retaliatory acts and emotional distress continued after his termination. (*See* Pl.'s Resp. at 8–9.) For example, in Simmons' Declaration, he states that in an interview he was told that he was an ideal candidate, but that he did not get the position after he gave permission to contact Cadence. (Pl.'s Declaration at 10.) Simmons, however, does not state who the potential employer was or the date that this occurred. Moreover, Simmons claims that Cadence is saying negative things about him to potential employers. He does not, however, say what negative things are being said, who was saying them, or which potential employers have been told negative things about Simmons. These conclusory assertions are not sufficient to support an inference that there was a continuing violation.

The Court instead finds that there were a series of discrete acts that ended when Simmons was terminated. The time period for the statute of limitation, therefore, began running on February 17, 2005, the date of Simmons' termination. As stated above, Simmons' lawsuit is based on allegations that he was "harassed, discriminated, and/or retaliated on by his supervisors, cowokers, and upper level officials for any or all of the following basis: for his race, for reporting discriminatory practices, for filing a worker's compensation claim, [and] for filing a charge of

discrimination with the EEOC." (Pl.'s Second Am. Orig. Pet. at 2.) Simmons complains that he was subject to racial and gender jokes, greater performance requirements than his non-minority peers, and was wrongfully terminated. (*Id.*) These allegations relate to his working environment. At the time of his termination, the facts supportive of Simmons' claim were apparent. The statute of limitations in Texas is one year for defamation and two years for both workers' compensation retaliation and for IIED. TEX. CIV. PRAC. & REM. CODE §§ 16.002–16.003. Simmons was barred from filing suit on his defamation claim after February 17, 2006 and on his workers' compensation and IIED claims after February 17, 2007. Simmons waited until two months after this final deadline to bring this cause of action.

## CONCLUSION

For the reasons stated above, the Court finds that the statute of limitations for Simmons' defamation, workers' compensation retaliation, and IIED claims is not tolled pending the result of a Title VII EEOC charge. Moreover, the Court finds that the statute of limitations began running on these claims on February 17, 2005, the date of Simmons' termination. The period for filing suit has expired. Therefore, the Court finds that Simmons' claims for defamation, workers' compensation retaliation, and IIED are barred by the statute of limitations. Accordingly, the Court recommends that Cadence's motion to dismiss be **GRANTED** and Simmons' defamation, workers compensation retaliation, and IIED claims be **DISMISSED** with prejudice.

**SO ORDERED.** January 29, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).