IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAURICE SIMMONS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:07-CV-1029-M |
| § | |
| CADENCE DESIGN SYSTEMS, INC., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

By Order of November 20, 2008, the District Court referred Plaintiff's Objections to Defendants' Bill of Costs to the United States Magistrate Judge for recommendation or determination. Absent explicit statutory or contractual authorization to the contrary, the Court may award only those fees enumerated in 28 U.S.C. § 1920. *Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). These costs include: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and (under 28 U.S.C. § 1828) salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920.

A district court may decline to award court costs listed in the statute, but it may not award costs that are not included in the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). The provisions of 28 U.S.C. § 1920 must be strictly construed. *Mota*, 261 F.3d at 529. A party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred, and proof, if

applicable, with respect to whether a certain item was "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

Plaintiff objects to the Bill of Costs in the amount of $2,720.05, as taxed by the Clerk of Court, on the grounds that (1) certain documents filed with the Court were not served on him; (2) Defendant should not have taken his deposition because he did not take any depositions in the case; (3) an award of costs is inequitable because he is unemployed, and (4) removal to federal court from state court was not required. None of Plaintiff's objections address whether Defendants have met their burden to show that the costs are documented, authorized by statute, and necessarily incurred for use in the case.

After full review and consideration of the record, the Court finds that Defendant has documented its Bill of Costs, and all of the costs it seeks are authorized by statute. Defendant's counsel declared under penalty of perjury that the costs are correct and were necessarily incurred for use in the case. Plaintiff's objections are frivolous and without legal basis and should be overruled.

## **Recommendation**

The Court hereby recommends that the District Court overrule Plaintiff's objections to the court costs as taxed by the Clerk of Court and award Defendant court costs against Plaintiff in the amount of $2,720.05.

SO RECOMMENDED, December 2nd, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# **INSTRUCTIONS FOR SERVICE AND**
# **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).